Argued January 10, affirmed January 18, petition for
rehearing denied February 14, 1967

STATE ex rel SAHLSTROM et al v. MALOS

422 P. 2d 580

for appellant. With him on the briefs were Jaqua & Wheatley, Eugene.

*Seymour L. Coblens,* Special Assistant Attorney General, Portland, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

The defendant is an optician practicing in Eugene. A decree was entered in the Lane County Circuit Court prohibiting her from fitting contact lenses to the eyes of any person because such action constituted the practice of optometry. Thereafter she was cited for contempt because it was claimed she had violated the decree's terms. Defendant has appealed from a finding that she had violated its terms and the resultant fine.

The evidence showed that defendant, both before and after the entry of the decree, had been putting fluorescein in the eyes of patients and observing the extent of the tear layer. This was done to determine how contact lenses were riding on the eye. Fluorescein is a substance which combines with the tear layer and reacts to ultraviolet light, thus allowing the observer to determine the extent of the tear layer between the eye and the lens.

Defendant contends that the activity in which she was engaged was not "fitting" lenses to the eye. We are of the opinion that the above-described activity in which defendant was engaged was part of the fitting

process and therefore was a violation of the court's decree.

The defendant contends that because she received legal advice that the activity in which she engaged was not a violation of the decree, her violation was not willful and, therefore, she was not guilty of contempt. Responsibility resulting from noncompliance with a court's decree should not be determined solely by the correctness of advice received by the person whose compliance is required. It is evidence to be considered by the court in determining whether a person's actions are willful, but that is all. The trial court may well find that under the circumstances the testimony is not credible or that the advice was not actually relied upon.

The decree of the trial court is affirmed.